UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

JESUS GONZALEZ

    Plaintiff,
vs.

WALGREEN CO.
d/b/a Walgreens at 200 SW 13 Street, and
W ACQUISITIONS, LLC

    Defendants.
_____/

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff Jesus Gonzalez ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant Walgreen Co. doing business as Walgreens at 200 SW 13 Street and Defendant W Acquisitions, LLC for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

## JURISDICTION

1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans with Disabilities Act ("ADA") 42 U.S.C. §§12181-12189. This Court is vested with original jurisdiction under 28 U.S.C. §1331.

2.     Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Southern District of Florida and the subject premises is located within the jurisdiction of this Court.

3.     Defendants are authorized to conduct, and are conducting, business within the State of Florida and within the jurisdiction of this court.

1

## PARTIES

4.     Plaintiff Jesus Gonzalez is a resident of the state of Florida. Plaintiff suffers from what constitutes a "qualified disability" under the ADA as he is disabled with neuropathy and nerve damage due to radiation and utilizes a wheelchair for mobility. Plaintiff's disability is defined in 42 US Code §12102(1)(A), (2) and in 28 C.F.R. §36.105(b)(2) and 28 C.F.R. §36.105(2)(iii)(D).

5.     Defendant Walgreen Co. (also referenced as "Defendant Walgreens," "tenant," "operator," lessee" or "co-Defendant") is a foreign corporation registered in Florida. The parent company to Defendant Walgreens (Walgreens Boots Alliance, Inc.) is a NASDAQ company on the S&P 100 and 500 components, which not only owns Walgreens pharmacies but also owns pharmaceutical manufacturing, wholesale, and distribution companies.  In 2020 Walgreen Co. reported gross income of $139.5 billion dollars.

6.     Defendant W Acquisitions, LLC (also referenced as "Defendant W Acquisitions," "Lessor," "Owner," or "co-Defendant") is a Florida limited liability company which is the owner of real property located at 200 SW 13 Street, Miami Florida 33130, identified as Folio 01-4138-051-0640, which is a commercial property built out as a Walgreens pharmacy.

## FACTS

7.     At all times material hereto, Defendant W Acquisitions' real property has been leased to co-Defendant Walgreens (the lessee). The lessee in turn has operated its Walgreens at 200 SW 13 Street pharmacy within that leased space.

8.     Walgreens pharmacies sell pharmaceutical products and in addition sells cosmetics, health and wellness products, health information and photo services. Walgreens

pharmacies, including the pharmacy located at 200 SW 13 Street, are places of public accommodation pursuant to 42 U.S.C. §12181(7)(F) since they are all primarily pharmacies. The Walgreens at 200 SW 13 Street pharmacy which is the subject of this complaint is also referenced as a "pharmacy" or "place of public accommodation."

9. At all times material hereto, Defendant Walgreens was (and is) a company owning and operating pharmacies under the "Walgreens" brand which are open to the public. Each of the Defendant's pharmacies (including the Walgreens located at 200 SW 13 Street) is a place of public accommodation subject to the requirements of Title III of the ADA and its implementing regulation; 42 U.S.C. §12182, §12181(7)(F) and 28 C.F.R. §36.104(6).

10. As the operator of pharmacies which are open to the public, Defendant Walgreens is defined as a "Public Accommodation" within meaning of Title III because it is a private entity which owns, or operates a pharmacy; 42 U.S.C. §12182, §12181(7)(F); 28 C.F.R. §36.104(6).

11. Due to the close proximity to Plaintiff's home to the Walgreens pharmacy at 200 SW 13 Street location, on August 8, 2021 Plaintiff went to that Walgreens with the intent of purchasing sundry items.

12. While Plaintiff was shopping at this particular Walgreens pharmacy, he had occasion to use the restroom and while in the restroom, he encountered many areas of inaccessibility due to the fact that he perambulates with the assistance of a wheelchair.

13. As such, Plaintiff has been denied full and equal access by the operator of the Walgreens pharmacy located at 200 SW 13 Street (Defendant Walgreens) and by the owner

of the commercial property which houses the Walgreens pharmacy (Defendant W Acquisitions).

14. Due to being denied full and equal access to the Walgreens pharmacy located at 200 SW 13 Street, Plaintiff left the pharmacy feeling excluded, humiliated and dejected.

15. By virtue of the fact that Defendant Walgreens is the owner and operator of the second largest pharmacy store chain in the United States[1], Defendant Walgreens is well aware of the ADA and the need to provide for equal access in all areas of its pharmacies. Therefore, its failure to reasonably accommodate mobility impaired and disabled patrons by ensuring that its Walgreens pharmacy located at 200 SW 13 Street is fully accessible is/was willful, malicious, and oppressive and in complete disregard for the Civil Rights of the Plaintiff and in violation of 28 C.F.R. §36.303.

16. As the owner of commercial real property which is operated as a pharmacy which is open to the public, Defendant W Acquisitions, LLC is also a "Public Accommodation" pursuant to 42 U.S.C. §12181(7)(F) and 28 C.F.R. §36.104(6). On information and belief, as an investor in commercial property being used as a public accommodation, Defendant W Acquisitions, LLC is aware of the ADA and the need to provide for equal access in all areas of its commercial properties which are open to the public.

17. As a result of the joint and several discrimination by Defendants, Plaintiff has suffered loss of dignity, mental anguish and other tangible injuries and has suffered an injury-in-fact.

18. Plaintiff continues to desire to patronize the Walgreens pharmacy located at 200 SW 13 Street, but continues to be injured in that he continues to be discriminated

---

[1] https://en.wikipedia.org/wiki/Walgreens

against due to the barriers to access within that place of public accommodation, all which are in violation of the ADA.

19. Any and all requisite notice has been provided.

20. Plaintiff has been obligated to retain the civil rights law office of J. Courtney Cunningham, PLLC and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendants pursuant to 42 U.S.C. §12205.

### COUNT I – VIOLATIONS OF TITLE III OF THE ADA

21. The ADA was enacted and effective as of July 26, 1990 and ADA legislation has been protecting disabled persons from discrimination due to disabilities since that time. Since 30 years have passed since enactment of the ADA, public accommodations and places of public accommodation have had adequate time for compliance.

22. Congress explicitly stated that the purpose of the ADA was to:

(i) provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;
(ii) provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,
(iii) invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

23. Prior to the filing of this lawsuit, Plaintiff personally visited the Walgreens pharmacy located at 200 SW 13 Street, however Plaintiff was denied adequate accommodation because, as a disabled individual who utilizes a wheelchair for mobility, Plaintiff met architectural barriers when he went to the restroom at the pharmacy. Therefore, Plaintiff has suffered an injury in fact.

24. Defendant Walgreens (operator of the Walgreens pharmacy located at 200 SW 13 Street) and Defendant W Acquisitions (owner of the commercial property leased to Defendant Walgreens) have discriminated (and continue to discriminate) against Plaintiff by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the pharmacy, in derogation of 42 U.S.C. §12101 *et. seq.*, and as prohibited by 42 U.S.C. §12182 *et. seq.* by failing to barriers to access pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

25. Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, the accommodations and services offered at the Walgreens pharmacy located at 200 SW 13 Street.

26. Defendants are jointly and singularly governed by the ADA and must be in compliance therewith. Defendants have jointly and severally discriminated against Plaintiff, a disabled patron, in derogation of 28 C.F.R. Part 36.

27. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

28. The commercial space which is owned by Defendant W Acquisitions which houses the Walgreens pharmacy (operated by Defendant Walgreens) is in violation of 42 U.S.C. §12181 *et. seq.,* the ADA and 28 C.F.R. §36.302 *et. seq.,* and both the owner/lessor

and the tenant/lessee are discriminating against the Plaintiff as a result of *inter alia*, the following specific violations:

  i. As to Defendant Walgreens (lessee/operator) and Defendant W Acquisitions (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty opening the restroom door, as it does not have the required door pressure. The restroom door opening force resulted in the need for excessive weight/force to open/close. This is violative Sections 4.13.11 and other sections of the ADAAG. The door opening force shall not be greater than that delineated at 28 C.F.R. Part 36.211. Section 404.2.7 states that operable parts on doors and gates must comply with 309.4 and Section 404.2.9 states that the force required to activate the door shall be 5 pounds maximum. Section 404.2.8.1 requires that door and gate spring hinges must be adjusted so that the time to move the door to a position of 12 degrees from the latch is 5 seconds minimum, and lastly, Section 404.2.8.2 delineates door closing speed.

  ii. As to Defendant Walgreens (lessee/operator) and Defendant W Acquisitions (owner/lessor of the property) (jointly and severally), Plaintiff could not enter the restroom area without assistance, as the required maneuvering clearance on the pull side of the door is not provided. Violation: Store item encroaches over the restroom door not providing the required maneuvering clearance violating Section 4.13.6 of the ADAAG and Section 404.2.4 of the 2010 ADA Standards for Accessible Design.

  iii. As to Defendant Walgreens (lessee/operator) and Defendant W Acquisitions (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty closing the stall door, as the toilet compartment stall door was missing pull handles on both sides of the door near the latch. This is a violation of 28 C.F.R. Part 36, Section

    4.27.4 of the ADAAG, and Section §604.8.1.2 of the 2010 ADA Standards for Accessible Design.

 iv. As to Defendant Walgreens (lessee/operator) and Defendant W Acquisitions (owner/lessor of the property) (jointly and severally), Plaintiff had difficulty using the accessible stall without assistance, as the accessible stall door swings into the water closet clear floor space. This is a violation of Sections 4.17.5 and 4.13 of the ADAAG and Section 604.8.1.2 of the 2010 ADA Standards for Accessible Design. Section 4.17.5 states that toilet stall doors shall not impeded entry and must comply with the measurements delineated at Fig. 30 of this section. Further, the stall door must comply with Section 4.13 by providing a minimum clear opening of 32 in (815 mm) with the door open 90 degrees, measured between the face of the door and the opposite stop (see Fig. 24(a), (b), (c), and (d) of Section 4.13). Section 604.8.1.2 states that clearance between the door side of the compartment and any obstruction shall be 42 inches (1065 mm) minimum, and that doors shall be located in the front partition or in the side wall or partition farthest from the water closet. Where located in the front partition, the door opening shall be 4 inches (100 mm) maximum from the side wall or partition farthest from the water closet. Where located in the side wall or partition, the door opening shall be 4 inches (100 mm) maximum from the front partition.

 v. As to Defendant Walgreens (lessee/operator) and Defendant W Acquisitions (owner/lessor of the property) (jointly and severally), Plaintiff could not transfer to the toilet without assistance, as the side wall grab bar is not in the required location from the rear wall. This is a violation of Section 4.16.4 and Figure 29 of the

ADAAG and Sections 604.5 of the 2010 ADA Standards for Accessible Design which states that the grab bar shall be 36 in (915 mm) minimum above the finished floor.

29.     Pursuant to 42 U.S.C. §12101et seq., and 28 C.F.R. §36.304, the Defendants are required to make the Walgreens pharmacy located at 200 SW 13 Street commercial space accessible to persons with disabilities since January 28, 1992.  Defendants have jointly and severally failed to comply with this mandate.

30.     Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff injunctive relief, including an order to alter the commercial property and the pharmacy therein such that it is made readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA.

**WHEREFORE,** Plaintiff Jesus Gonzalez hereby demands judgment against the Defendant W Acquisitions, LLC (owner and lessor of the 200 SW 13 Street property) and Defendant Walgreen Co. (operator of the Walgreens pharmacy located at within the 200 SW 13 Street leased space) and requests the following relief:

a)      The Court declare that Defendants have violated the ADA;

b)      The Court enter an Order directing Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities,

c)      The Court enter an Order requiring Defendants to alter the commercial property and the Walgreens pharmacy located at 200 SW 13 Street such that it becomes accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

d)      The Court award reasonable costs and attorneys fees; and

   e)  The Court award any and all other relief that may be necessary and appropriate.

Dated this 17th day of August 2021.

                  Respectfully submitted,

                  */s/ J. Courtney Cunningham*
                  J. Courtney Cunningham, Esq.
                  J. COURTNEY CUNNINGHAM, PLLC
                  FBN: 628166
                  8950 SW 74th Court, Suite 2201
                  Miami, Florida 33156
                  Telephone: 305-351-2014
                  Email: cc@cunninghampllc.com
                  *Counsel for Plaintiff*